UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEM YENOVKIAN,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE AND CO,<br><br>    Defendant. | Case No. 2:23-cv-10762-SB-PVC<br><br><br>ORDER GRANTING MOTION TO DISMISS [DKT. NO. 14] |

    On December 26, 2023, Plaintiff Vem Yenovkian filed a lawsuit against Defendant JPMorgan Chase Bank, N.A.[1] alleging that Defendant improperly closed his credit card account for nonpayment even though Plaintiff paid the entirety of his credit card balance by sending a promissory note that he contends was legal tender. *Vem Yenovkian v. JP Morgan Chase and Co.* (*Yenovkian I*), Case No. 2:23-cv-10760-FLA, Dkt. No. 1. After Plaintiff requested to proceed in forma pauperis, another judge in this district screened and dismissed the case as frivolous. *Id*. Dkt. No. 7.

    Also on December 26, 2023, Plaintiff filed this lawsuit (*Yenovkian II*) alleging the same legal theory with respect to a different credit card account. Case No. 23-cv-10762-SB, Dkt. No. 1. Plaintiff again requested to proceed in forma pauperis. *Id*. Dkt. No. 3. After the Court issued an order to show cause re subject-matter jurisdiction, Plaintiff responded to the Court's inquiry and filed an amended complaint that asserted factually similar allegations but substantially reduced the damages sought. *Id.* Dkt. No. 10. Because Plaintiff appeared to be indigent, the Court granted Plaintiff's IFP request.

---

[1] Defendant appears to have incorrectly named Defendant JP Morgan Chase and Co instead of JPMorgan Chase Bank, N.A. Case No. 23-cv-10762-SB, Dkt. No. 14 at 1.

1

Defendant now moves in *Yenovkian II* to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2]  Dkt. No. 14.[3]  Plaintiff has not filed an opposition, which was due March 15.  *See* Local Rule 7-9 (oppositions due 21 days before the hearing).  Plaintiff's failure to file the opposition "may be deemed consent to granting" Defendant's motion.  Local Rule 7-12.  Nevertheless, the Court will address the merits of Plaintiff's claim.  The Court finds this matter suitable for decision without oral argument and vacates the April 5 motion hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In resolving a Rule 12(b)(6) motion, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  There is no plausibility "where the well-pleaded

---

[2] The Court also screens the amended complaint pursuant to its obligations under 28 U.S.C. § 1915(e).  28 U.S.C. § 1915(e) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous"); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating the § 1915 "requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

[3] Defendant also seeks dismissal on res judicata grounds, incorrectly asserting that the complaints were "identical" and that the complaint in this matter is an "*exact* duplicate" of the other complaint. *Yenovkian II*, Dkt. No. 14 at 1, 4.  Although the complaints raise the same legal theory, they relate to two different credit card accounts with two different balances due.  *Compare Yenovkian I*, Dkt. No. 1 ($38,872.03 owed on a Chase Visa Signature Business Plus Card), *with Yenovkian II*, Dkt. No. 1 ($5,891.23 owed on a Chase Freedom Flex Mastercard).  Because Defendant has failed to properly raise res judicata principles that might apply here, the Court declines to address this purported basis for dismissal.

facts do not permit the court to infer more than the mere possibility of misconduct." *Id.*

Plaintiff purported to pay his credit card debt by presenting a promissory note to Defendant. *Yenovkian II*, Dkt. No. 10 at 11. In this lawsuit, he alleges that his promissory note was the equivalent of money and should have been accepted as satisfaction of his debt. *Id.* at 4. This theory of debt elimination, known as the "vapor money" theory, has been "universally rejected" as frivolous. *See Yenovkian I*, Dkt. No. 7 at 2 (collecting cases); *see also Vachon v. Reverse Mortg. Sols., Inc.*, No. 16-CV-02419-DMG-KES, 2017 WL 6628103, at *6 (C.D. Cal. Aug. 11, 2017) (collecting cases), *report and recommendation adopted,* 2017 WL 6626649 (C.D. Cal. Dec. 28, 2017). Of course, a promissory note is not equivalent to money, and its issuance did not serve to satisfy Plaintiff's obligation to Defendant. *See Johnson v. Wennes*, No. 08-CV-1798, 2009 WL 1228500, at *4 (S.D. Cal. May 5, 2009) ("If [the plaintiff] had tried to deposit a promissory note as a check in any financial institution claiming it was cash or an asset worth the value on the face of the note, he would have quickly discovered that the note did not create money out of the ether."). Plaintiff's claims are thus frivolous, and his first amended complaint is dismissed for failure to state a claim.

Although leave to amend is to be freely granted, where, as here, the plaintiff has filed an amended complaint, the "district court's discretion to deny leave to amend is particularly broad." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Moreover, leave to amend is not warranted when the claims are frivolous. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

Accordingly, Plaintiff's claims are dismissed on the merits with prejudice.

A final judgment will be entered separately.

Date: March 28, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge